UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DESHAUN RIDGE,

    Plaintiff,

v.

TREASURY INTERNAL REVENUE SERVICE AUSTIN,

    Defendant.

Case No. 21-cv-07400-PJH

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner in Texas, proceeds with a pro se civil action against a governmental entity. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

Plaintiff seeks court intervention in obtaining his economic impact payment ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).

**Background**

In *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020) (*Scholl II*), the court summarized the underlying issue that is central to plaintiff's complaint:

> The CARES Act, codified in part at section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a tax credit for eligible individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). For purposes of the Act, an eligible individual is defined as "any individual" other than (1) any nonresident alien individual, (2) any individual who is allowed as a dependent deduction on another taxpayer's return, and (3) an estate or trust. § 6428(d). The EIP is an advance refund of the subsection (a) tax credit and subsection (f) describes the mechanism for implementing the advance refund. Paragraph (1) of subsection (f) provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." § 6428(f)(1).

> Paragraph (3) of subsection (f) requires the IRS to "refund or credit any overpayment attributable to this section as rapidly as possible." § 6428(f)(3). Additionally, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." *Id*. The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit then the amount of the credit is reduced by the aggregate amount of the refund. § 6428(e).
>
> Three days after the President signed the CARES Act, the IRS issued a news release explaining that the agency would calculate and automatically issue an EIP to eligible individuals. Declaration of Yaman Salahi ("Salahi Decl."), Dkt. 55, Ex. 1 at 1. Though not required to do so by the Act, the IRS established an online portal for individuals who are not typically required to file federal income tax returns (e.g., because an individual's income is less than $12,200), which allows those non-filers to enter their information to receive an EIP. *Id*., Ex. 2. Individuals who use the non-filer online portal have until October 15, 2020 to register in order to receive the EIP by the December 31, 2020 deadline imposed by the CARES Act. *Id*., Ex. 3.
>
> On May 6, 2020, the IRS published responses to "Frequently Asked Questions" ("FAQ") on the IRS.gov website. *Id*., Ex. 4. Question 15 asked "Does someone who is incarcerated qualify for the Payment [i.e., an EIP]?" The IRS responded:
>
>> A15. No. A Payment made to someone who is incarcerated should be returned to the IRS by following the instructions about repayments. A person is incarcerated if he or she is described in one or more of clauses (i) through (v) of Section 202(x)(1)(A) of the Social Security Act (42 U.S.C. § 402 (x)(1)(A)(i) through (v)). For a Payment made with respect to a joint return where only one spouse is incarcerated, you only need to return the portion of the Payment made on account of the incarcerated spouse. This amount will be $1,200 unless adjusted gross income exceeded $150,000.

*Id*. at 670-71 (footnotes omitted).

In *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008 (N.D. Cal. 2020) (*Scholl I*), the court preliminary certified the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;

3

> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

*Id*. at 1047.  In *Scholl II*, the court granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated.  The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

*Scholl II* at 692.  A permanent injunction was entered and defendants were to reconsider EIPs that were denied solely due to an individual's incarcerated status.  *Id*. at 692-93.

With respect to specific payments the court stated:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments.  Indeed, the court's Rule 23(b)(2) finding was premised on the "indivisible nature of the injunctive or declaratory remedy warranted" but not "an individualized award of monetary damages."  Dkt. 50 at 42 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61, 131 S.Ct. 2541, 180 L.Ed. 2d 374 (2011)).  The court's determination in this order is that the IRS's action was "arbitrary, capricious, . . . or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action.  5 U.S.C. § 706(2).  It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

*Id*. at 691.

**Discussion**

Plaintiff is incarcerated and part of the *Scholl* class. He filed this case on September 22, 2021. Plaintiff states that he has not received his EIPs. For relief he requests the court to compel the IRS to provide his EIPs. To the extent plaintiff argues that his EIP was denied due to his incarcerated status, he is already a member of the *Scholl* class; therefore, he is not entitled to separate individual relief. An individual suit for injunctive and equitable relief may be dismissed when it duplicates an existing class action's allegations and prayer for relief. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action.").

Nor is plaintiff entitled to relief to the extent he seeks the court to compel the IRS to provide his EIPs pursuant to *Scholl* or the CARES Act. The court in *Scholl* found that the EIP could not be denied only because an individual was incarcerated. However, the court was clear that it took no position on whether individual incarcerated plaintiffs were owed the EIP, which is the relief sought in the instant case. That responsibility fell to the IRS to make an individual determination. More importantly, funds cannot now be distributed pursuant to the CARES Act. As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed. That deadline has passed, and no more funds may be issued.[1] Plaintiff cannot obtain the relief he seeks in this case.

For all these reasons, plaintiff fails to state a claim for relief. The complaint will be dismissed without leave to amend because it is clear that no amount of amendment

---

[1] Prior to the deadline, 385,995 incarcerated individuals were issued the EIP after they were reconsidered despite previously being identified as incarcerated. *Scholl v. Mnuchin*, No. 20-cv-5309 PJH, Docket No. 178 at 3. In addition, 950,000 individuals received the EIP before their accounts were marked as incarcerated. *Id*.

would cure the deficiencies noted above.  See Lopez v. Smith, 203 F.3d 1122, 1129-30 (9th Cir. 2000).

## CONCLUSION

The action is **DISMISSED** with prejudice.  The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: October 12, 2021

                                                              */s/ Phyllis J. Hamilton*
                                                              PHYLLIS J. HAMILTON
                                                              United States District Judge